# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HILDA RAMIREZ<br>c/o her attorneys Tittle & Perlmuter<br>4106 Bridge Avenue<br>Cleveland, Ohio 44113<br><br>On behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>HEARTY HEARTS HOME HEALTH, LLC<br>c/o Statutory Agent Eminelly Garced<br>16141 Puritas Avenue<br>Cleveland, Ohio 44135<br><br>and<br><br>EMINELLY GARCED<br>16141 Puritas Avenue<br>Cleveland, Ohio 44135<br><br>        Defendants. | CASE NO.:<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Hilda Ramirez, by and through undersigned counsel, respectfully files this Class and Collective Action Complaint against Defendants Hearty Hearts Home Health, LLC ("Hearty Hearts") and Eminelly Garced.

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio's common law of contracts and quasi-contracts.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Hilda Ramirez was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Hearty Hearts is an Ohio corporation with its principal office at 4161 Ridge Road, Cleveland, Ohio 44144. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Eminelly Garced, 16141 Puritas Avenue, Cleveland, Ohio 44135.

9. At all times relevant, Defendant Eminelly Garced was a resident of this judicial district and an owner, operator, and principal manager of Hearty Hearts.

## FACTUAL ALLEGATIONS

### Defendants' Business and Employment of Plaintiff, the Potential Opt-Ins, and Class Members

10. Defendants provide home healthcare services throughout Ohio.

11. Defendants employed Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class as non-exempt Home Health Aides ("HHAs")

12. Plaintiff Hilda Ramirez worked for Defendants as a non-exempt HHA from 2016 through early August 2022.

13. Defendant Hearty Hearts was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant Eminelly Garced was an "employer" pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of Hearty Hearts, Defendant Eminelly Garced had operational control over significant aspects of the Hearty Hearts' operations and day-to-day functions.

3

15. Defendant Eminelly Garced instituted and knowingly ratified the unlawful pay practices of Hearty Hearts described herein.

16. Department of Labor regulations provide that employees may work simultaneously for two or more "joint employers." 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id.* Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id*.

17. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

18. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

19. At all times relevant, Defendants employed individuals engaged in interstate commerce and individuals that regularly and recurrently handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

### **Defendants' Failure to Pay Required Compensation**

20. The FLSA and Ohio law require that non-exempt employees be paid overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207.

21. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class frequently worked more than forty hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio law.

22. Defendants failed to pay those employees overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.

23. Defendants utilized several methods and devices to miscalculate employees' compensation and either underpay, or avoid entirely, statutorily mandated overtime compensation. Significantly, although the methods utilized by Defendants varied, all had the common objective and effect of circumventing the payment of proper overtime compensation, and all are provable by examining the affected employees' timekeeping and payroll data.

**Defendants Failed to Pay Employees for All Hours Worked**

24. The FLSA and Ohio law required that Defendants pay their non-exempt HHAs for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g).

25. Defendants outright denied HHAs pay for certain portions of their requisite workday.

26. For instance, HHAs regularly saw more than one client in their homes in a given day and had to travel between those clients.

27. Moreover, HHAs were required to go to Defendants' corporate office every Monday morning to turn in weekly timesheets before they went to their first client of the day.

28. Defendants were obligated to pay HHAs for their intraday travel after arrival at their first worksite of the day – i.e., either a client or the corporate office - but denied HHAs any compensation for this working time.

**Defendants Circumvented Overtime Pay by Manipulating HHAs' Hourly Rate**

29. Defendants advertise a regularly hourly rate of $11 for HHAs, as shown in the Hearty Hearts Facebook job ad here:



30. Indeed, when Plaintiff and other HHAs worked less than 40 hours in a workweek, they were paid that promised $11 per hour rate:



31. However, when HHAs worked over 40 hours per week, Defendants arbitrarily and unlawfully reduced their regularly hourly rate which, in turn, reduced the overtime premium paid to those HHAs:

6



**Defendants Unlawfully Paid Overtime Hours at Straight-Time**

32. In other instances, Defendants simply paid employees at their regular rate for some or all of their overtime hours, violating the FLSA and Ohio law requirement that non-exempt employees be paid at one and one-half times their regular rate for all hours over forty hours in a workweek:



**Willfulness of Defendants' Violations**

33. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to pay for all hours worked, and knew that these HHAs were entitled overtime compensation at one and one-half times their regular rate under federal and state law or acted in reckless disregard for whether they were so entitled.

7

34. Defendants utilized multiple methods, including, but not limited to, those set forth above, to achieve a common objective and effect—that of underpaying, or avoiding entirely, the payment of proper overtime compensation. Defendants' course and pattern of conduct in devising and implementing those methods demonstrate a knowing and willful intent to violate the law.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

37. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt, full-time HHAs working for Defendants during the period three years preceding the commencement of this action to the present.

38. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to Defendants' unlawful pay practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

40. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that they consist of over one-hundred persons. Such persons are readily identifiable through the records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All non-exempt HHAs working for Defendants during the period four years preceding the commencement of this action to the present.

43. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons. The number of Class Members as well as their identities are ascertainable from records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

44. There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid Class Members less than their agreed-upon

9

hourly rate, whether Defendants paid Class Members for compensable hours worked, and whether Defendants paid Plaintiff and other Class Members at time-and-a-half their regular rate of pay for all hours over forty hours per workweek.

45. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

46. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action

pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is filed herewith.

51. The FLSA required Defendants to pay their non-exempt employees overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

52. Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Defendants utilized various methods and devices to avoid paying proper overtime compensation.

53. By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

54. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid

overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Breach of Contract)

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendants offered employment to Plaintiff and the Ohio Class Members on pay terms which became binding upon acceptance by Plaintiff and the Ohio Class Members.

57. Plaintiff and the Ohio Class Members accepted the terms of Defendants' offer and performed pursuant to the terms of their respective contracts.

58. Defendants breached their contract with Plaintiffs and the Ohio Class Members and caused damages by failing to compensate Plaintiffs and the Ohio Class Members for all hours worked.

## COUNT THREE
### (Alternative Claim for Promissory Estoppel)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Defendants knew they were receiving a benefit by retaining and utilizing Plaintiff and the Ohio Class Members' labor while providing less than their promised compensation, and in some circumstances, no compensation.

61. Defendants intentionally designed their compensation structure so as to obtain that benefit for themselves.

62. Defendants obtained the benefit of Plaintiff and the Ohio Class Members' labor under circumstances in which it would be unjust for Defendants to do so without payment.

## COUNT THREE
### (Alternative Claim for Promissory Estoppel)

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Defendant unambiguously promises to pay HHAs a certain hourly rate for all hours worked at the start of their employment.

65. Plaintiff and the Ohio Class Members reasonably relied on Defendants' promises in terms of their hourly regular rate of pay in performing the work at issue.

66. Plaintiff and the Ohio Class Members' reliance was to their detriment, as Defendants fail to pay for all hours worked, and fail to pay that regularly hourly rate for many of HHAs' working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the

      Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and in favor of the Ohio Class;

D.     Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount; and

F.     Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

          Respectfully submitted,

          */s/ Scott D. Perlmuter*
          Scott D. Perlmuter (0082856)
          4106 Bridge Avenue
          Cleveland, Ohio 44113
          P: 216-285-9991
          F: 888-604-9299
          E: scott@tittlelawfirm.com

          Attorney for Plaintiff,
          **HILDA RAMIREZ**

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

          */s/ Scott D. Perlmuter*
          Scott D. Perlmuter (0082856)