UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HILDA RAMIREZ, on behalf of herself and all others similarly situated, | Case No. 1:22-cv-01542 |
| Plaintiff, | Judge CHARLES ESQUE FLEMING |
| vs. | |
| HEARTY HEARTS HOME HEALTH, LLC, et al., | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendants. | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement and pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed settlement reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release ("Collective Action Settlement Agreement"), which is attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion and its exhibits, the Collective Action Settlement Agreement, the proposed Notice to Potential Opt-Ins,, the Declaration of Scott Perlmuter, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent Form, the proposed allocation and calculation of payments, and the proposed attorneys' fees and expense reimbursements to Class Counsel as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former non-exempt, home health

1

aide employees of Defendants Hearty Hearts Home Health, LLC and Eminelly Garaced (collectively, "Defendants"), who were allegedly not paid all compensation, including overtime compensation at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2. On August 31, 2022, Plaintiff Hilda Ramirez filed this Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 alleging violations of the FLSA, Ohio contract and quasi-contract based on Defendants' alleged failure to pay their non-exempt, home health aide employees in Ohio, including Plaintiff, all compensation to which they were allegedly entitled.   In this Action, Plaintiff Ramirez articulated two theories.

3. First, Plaintiff alleged that Defendants allegedly failed to pay their non-exempt, home health aides, including Plaintiff, one and one-half times their regular rate of pay for all overtime hours, resulting in an alleged underpayment of overtime compensation.

4. Second, Plaintiff alleged that Defendants failed to pay home health aides for their intraday travel, resulting in an alleged underpayment of straight time compensation as well as an alleged underpayment of overtime compensation.

5. Since the filing of this Action, the Parties engaged in an informal exchange of information regarding Plaintiff's claims and Defendants' defenses to such claims.  This included an exchange of relevant payroll and time records for Plaintiff, a sampling of payroll and time records for 15 other Potential Opt-Ins, company policy and procedure materials relevant to Plaintiff's claims, and records revealing the group of similarly-situated employees.

6. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Plaintiff's theories, the propriety of class and/or collective action treatment, and

Defendants' defenses whereby the Parties provided legal authority and arguments on both sides, including several conferences.

7. On May 16 2023, the Parties engaged in mediation before United States Magistrate Judge Johnathan D. Greenberg and reached an agreement to settle the Action on the terms set forth in the Collective Action Settlement Agreement, which is attached to the Joint Motion as Exhibit 1.

8. The Settlement will cover Plaintiff Ramirez and all of the Potential Opt-Ins (identified in Appendix A of the Collective Action Settlement Agreement) who elect to participate in the Settlement by signing and returning Consent Forms ("Opt-Ins").

9. To receive a settlement payment, the Potential Opt-Ins must sign and return the Consent Form attached with Exhibit 2 to the Parties' Joint Motion.  The Eligible Settlement Participants may return Consent Forms to Plaintiff's Counsel within forty-five (45) calendar days after the mailing of the Notice.  The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed, or e-mailed to Plaintiff's Counsel within the forty-five (45) calendar day period to be timely.

10. The Collective Action Settlement Agreement provide that, in consideration of the settlement payment, the claims of the Plaintiff Ramirez and Potential Opt-Ins who elect to participate in the settlement by signing and returning Consent Forms are to be dismissed with prejudice.

11. The Court finds that the proposed settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during mediation conducted by United States Magistrate Judge

Johnathan D. Greenberg.  Plaintiff's Counsel has informed the Court that he believes the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and Potential Opt-Ins.  The Court has considered all relevant facts, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

12. The Court approves the settlement, including the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent Form, and orders that the settlement be implemented according to the terms and conditions of the Collective Action Settlement Agreement and as directed herein.  The Court grants final approval of the settlement as to the Plaintiff and all Opt-Ins who elect to participate in the settlement by signing and returning a Consent Form.

13. The Court finds that the proposed allocation and calculation of the individual payments to Plaintiff Hilda Ramirez and the Potential Opt-Ins are fair and reasonable.  The Court approves the method of calculation and proposed distribution of the individual payments.  The Parties have submitted with the Collective Action Settlement Agreement an Appendix providing the names of the Plaintiff and the Potential Opt-Ins.

14. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Collective Action Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Class Action Settlement Agreement.

15. The Court approves the payment of the additional Service Award to Plaintiff Hilda Ramirez, which constitutes an award for serving as the representative plaintiff in this Action and constitutes additional consideration for the promises made by Ms. Ramirez in the Collective Action Settlement Agreement.  Further, the Court orders that such Settlement Payment be

distributed in the manner, and subject to the terms and conditions, set forth in the Collective Action Settlement Agreement.

16. The Court dismisses the claims of the Plaintiff Hilda Ramirez and Potential Opt-Ins who sign and return Consent Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Opt-Ins, and the distribution process.

**SO ORDERED:**

Date: _____6/20/2023_____   _/s/ Charles Fleming_
Honorable Charles Esque Fleming
United States District Judge

**SO STIPULATED:**

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
Telephone: (216) 308-1522
scott@tittlelawfirm.com

*Plaintiff's Counsel*

/s/ Todd F. Palmer
Todd F. Palmer (0047582)
Abbey K. Brown (0092629)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
Telephone: (216) 622-8200
tpalmer@calfee.com
abrown@calfee.com

*Counsel for Defendants*